IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Case No.  21-mj-174 |
| : | |
| **PAUL WESTOVER,** : | |
| : | |

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE THE STATUS HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The defendant hereby moves this Court for a 60-day continuance of the status hearing in the above-captioned matter currently set for Friday, June 18, 2021, at 10:00 a.m., and further to exclude the time within which an information must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* until the rescheduled status hearing on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support of his motion, defendant states as follows:

### FACTUAL BACKGROUND

Defendant Paul Westover is charged via compliant with offenses related to events that occurred at the United States Capitol on January 6, 2021.  Specifically, Defendant Westover is charged with violations of Title 18, United States Code, Section 231 (a)(3) & Section 2 – obstruct, impede, or interfere with law enforcement officer (aiding and abetting); Title 18, United States Code, Section 1752(a)(1) – knowingly entering or remaining in a restricted building or grounds;  Title 18, United States Code, Section 1752(a)(2) – disorderly conduct which impedes the conduct of government business; and,

Title 40, United States Code, Section 5104(e)(2) – disruptive conduct in the Capitol buildings. Defendant Westover is one of over 300 similarly situated defendants following the events of January 6, 2021.

As the January 6th investigation has developed, the number of defendants charged, and the volume of potentially discoverable materials has increased exponentially. Defendant Westover has already been provided preliminary discovery, including videos and photographs. However, additional video footage and/or photographic evidence is expected soon. Those materials will be reviewed by counsel for defendant as quickly as possible.

In addition, Defendant Westover, through counsel, and the government have been engaging in ongoing plea negotiation discussions.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an information must

be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list of factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such a proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel or would deny counsel for defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the

importance of adequate pretrial preparation time." *Bloate v. United States,* 559 U.S. 196, 197, (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras,* 474 U.S. 231, 236 (1985); *United States v. Hernandez,* 862 F.2nd 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice,* 746 F.3rd 174 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi,* 926 F.3rd 761, 777-78 (D.C. Cir. 2019)(Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review the discovery"); *United States v. Bell,* 925 F.3rd 362,374 (7th Cir. 2019)(Upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government states that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon,* 953 F. App'x 883, 886 (11th Cir. 2014)(District court did not abuse its broad discretion in case involving conspiracy to commit wire and

mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon,* 710 F.3rd 1124, 1157-58(10th Cir. 2013)(Upholding ends-of-justice continuances of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds of financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted); *United States v. Lewis*, 611 F.3rd 1172, 1177-78 (9th Cir. 2010)(upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were ongoing investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor,* 656 F.2md 630, 640 (7th Cir. 2011)(upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

In sum, the additional time will enable the parties to continue to confer regarding a potential pretrial disposition of this matter. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Defense counsel has consulted with government counsel regarding this request. Government counsel does not oppose the defendant's motion to continue the status hearing 60 days and exclude the time until the next status hearing under the Speedy Trial Act.

5

WHREFORE, Defendant Paul Westover, through counsel, respectfully requests that this Court grant the motion for a 60-day continuance of the status hearing in the above-captioned matter, and that the Court exclude the time within which an information must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* until the rescheduled status hearing on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

*/s/ John T Davis*

John T Davis, 40915MO
1401 South Brentwood Boulevard, Suite 950
St. Louis, Missouri 63144
Telephone: (314) 455-5555
Facsimile: (314) 727-2869
E-Mail: John.Davis@KesslerWilliams.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Assistant United States Attorney.

/s/ John T Davis<br>John T Davis